UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BENNETT, MEG BENNETT, <br><br>                    Plaintiffs, <br><br>       v. <br><br> HOMESITE INSURANCE COMPANY, <br><br>                    Defendant. | CASE NO. C21-1422 MJP <br><br> ORDER DENYING MOTION TO STAY |

This matter comes before the Court on Defendant's Motion to Stay. (Dkt. No. 10.) Having reviewed the Motion, Plaintiffs' Opposition (Dkt. No. 13), the Reply (Dkt. No. 14), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiffs Meg and Robert Bennett have sued their insurer Defendant Homesite Insurance Company. Plaintiffs allege Homesite breached the terms of the insurance policy by refusing to pay benefits owed for fire-related damage to their home and personal property and for not paying

ORDER DENYING MOTION TO STAY - 1

additional living expenses. (Compl. ¶¶ 3:1-3:14 (Dkt. No. 1-1).) Homesite has agreed that the damage to Plaintiffs' home is covered under the policy, but disagrees as to the amount of coverage. (Id. ¶ 3:5.) Plaintiffs filed suit, asserting claims for breach of contract, bad faith, and violations of the Consumer Protection Act. Homesite asks the Court to stay the case pending the completion of the appraisal process that Plaintiffs commenced before filing suit. (Dkt. No. 11.)

## ANALYSIS

Homesite has failed to convince the Court that it should stay this matter pending appraisal.

"A district court has discretionary power to stay proceedings in its own court under Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). "[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255. "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Those interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id.

Homesite has failed to demonstrate that the balance of interests weigh in favor of a stay pending appraisal. While the appraisal process will likely resolve the amount of coverage at issue, Homesite has not identified any hardship or inequity that it faces absent a stay. In its

motion, Homesite argues that a stay would limit discovery costs and "unnecessary expenditure of judicial resources." (Mot. at 6.) But "being required to defend a suit [if the stay is vacated], does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting Lockyear, 398 F.3d at 1112.) Nor is the Court convinced that a stay would save judicial resources sufficient to justify its issuance. In its Reply, Homesite presents a new theory of hardship and inequity: if Plaintiffs obtain discovery into Homesite's claim file, they will use that information to "bias the appraisal process." (Reply at 5.) But this is pure speculation based on Homesite's assumptions, which does not evidence a "clear case of hardship or inequity." (See id. ("Homesite must assume. . . .").) And Homesite has not identified any materials that could "bias" the appraisal process. In contrast, Plaintiffs have identified a fair possibility of harm if the Court were to enter a stay. Homesite concedes that it has materials relevant to the appraisal process that would otherwise not be provided to Plaintiffs through discovery if the Court stays this matter. In its Reply, Homesite admits that it has "offer[ed] . . . to allow some discovery on those issues relevant to the appraisal" but only if Plaintiffs agreed to a stay. (Reply at 5.) So if the Court were to grant the stay, then Plaintiffs would not obtain these materials relevant to the appraisal process. This presents more than a "fair possibility" that the stay will harm Plaintiffs. See Landis, 299 U.S. at 255. And a stay would unnecessarily delay Plaintiffs' efforts to conduct discovery into their extra-contractual claims that the appraisal process will not resolve. Homesite has failed to meet its burden of showing a "clear case of hardship or inequity" absent a stay, and there exists a "fair possibility" the stay will prejudice and harm Plaintiffs. See Landis, 299 U.S. at 255. This warrants denial of the Motion.

1       The Court also notes that the cases on which Homesite relies do not justify imposition of

2 a stay in this matter. (See Mot. at 4-5 (citing Dentists Ins. Co. v. Yousefian, No. C20-1076RSL,

3 2020 WL 8642137 (W.D. Wash. Nov. 16, 2020); Meier v. Travelers Home & Marine Ins. Co.,

4 No. C15-0022RSL, 2015 WL 11571005 (W.D. Wash. Nov. 23, 2015); Keesling v. W. Fire Ins.

5 Co. of Fort Scott, Kansas, 10 Wn. App. 841 (1974)).) In both Yousefian and Meier, the appraisal

6 process could have resolved the entire dispute between the parties. The same cannot be said here.

7 The appraisal process could well leave unresolved Plaintiffs' contractual claim for additional

8 living expenses, and it will not resolve their extra-contractual claims. (See Reply at 3 (admitting

9 that "the appraisal . . . may include the [additional living expenses]," but not necessarily

10 (emphasis added).) Similarly, Keesling does not support issuance of a stay. That case involved

11 the appeal of a trial court's determination that the insurer had not waived an appraisal provision

12 in the insurance policy. The appellate court affirmed the trial court's decision and concluded that

13 on remand, the trial court should stay the case pending appraisal rather than dismiss it. See

14 Keesling, 10 Wn. App. at 850. That decision did not consider the Landis standard and it contains

15 no reasoning that would support issuing a stay on the record before the Court. These three cases

16 do not convince the Court that a stay should be granted.

## CONCLUSION

18       Homesite has failed to meet its burden to demonstrate that the competing interests here

19 warrant a stay of the case pending appraisal. Homesite has not identified a clear case of harm that

20 it faces absent a stay and there is more than a fair possibility that the stay would prejudice

21 Plaintiffs during the appraisal process and unnecessarily delay litigation of the extracontractual

22 claims they pursue. Having considered the competing factors relevant to Homesite's request to

23 stay, the Court DENIES the Motion.

24

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated December 15, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION TO STAY - 5