UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BENNETT and MEG BENNETT,<br><br>                    Plaintiffs,<br><br>        v.<br><br>HOMESITE INSURANCE COMPANY, | CASE NO. C21-1422 MJP<br><br>ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court Plaintiffs Robert and Meg Bennett's Motion for Partial Summary Judgment. (Dkt. No. 23.) Having reviewed the Motion, Defendant Homesite Insurance Company's Opposition (Dkt. No. 26), the Reply (Dkt. No. 31), and all supporting materials, the Court GRANTS in part and RESERVES RULING in part.

**BACKGROUND**

Meg and Robert Bennett live in Black Diamond, Washington, where they own a house insured by Homesite. A fire in the home on December 8, 2020 made the residence uninhabitable. (Declaration of Meg Bennett ¶ 3 (Dkt. No. 24).) Because the Bennetts own four goats, nine

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

chickens, two cats, and two dogs, they initially situated a trailer on their property where they could reside and care for their animals. (Id. ¶¶ 4-5.) After a month in the trailer, the Bennetts then moved into a home roughly 10-12 miles away but were forced to leave their animals at their residence (save for an occasional allowance for dogs at the rental). (Id. ¶ 6.) Their animals require daily care, and because they believed their home was unfit to use for any purpose, they required a place to wash hands, use a restroom, and take a break from the elements at the property. (Id. ¶¶ 7-8.) After approximately ten months, they ended up renting a new trailer at their property to live and moved out of the rental home. (Id. ¶ 11.)

Homesite has not paid for any of the costs related to the Bennetts' use of the trailer at their property from January through November 2021, when the Bennetts were residing elsewhere but caring daily for their animals. The Bennetts seek these costs under the additional living expense provision in the insurance policy, which states:

> If a loss covered under Section I makes that part of the "residence premises" where you reside not fit to live in, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.

(Dkt. No. 11-1 at 24.)

Homesite offers no opposition to the Bennetts' assertion that their normal standard of living includes caring for their pets. But Homesite rejects the contention that it has refused to pay for any meritorious additional living expenses, pointing out that it has paid for a primary residence for the Bennetts since the fire up to the policy limits. Homesite also makes a request under Rule 56(d) to be permitted additional discovery essential to its opposition that the trailer is not a necessary increase in living expenses during the 11 month period at issue in the Motion. That discovery includes: (1) depositions of the Bennetts, which Homesite believes will touch on the necessity and costs of the trailer, including possible alternative solutions; (2) document

discovery related to the initial disclosures; and (3) recently-served interrogatories and requests for production related to the additional living expenses. Homesite summarizes the discovery sought as targeting the following:

> Whether Plaintiffs attempted to find a rental home that permitted their animals and, if not, what efforts, if any, they undertook find such a rental home;
>
> The reason(s) why Plaintiffs moved out of the trailer and into their rental home in January 2021;
>
> The reason(s) why Plaintiffs could/could not continue living in the trailer from January 2021 to November 2021;
>
> The number of hours each day Plaintiffs remained at their Property taking care of their animals; [and]
>
> What evidence, if any, Plaintiffs have that they were unable to use the amenities (i.e. bathroom) in their Home from January 2021 to November 2021.

(Declaration of Elliot Harris ¶ 10 (Dkt. No. 27).) Lastly, Homesite points out that there is an appraisal process ongoing which it believes could resolve the issue of what costs related to the pets might be allowable.

## ANALYSIS

**A.    Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an

element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

**B.  Additional Living Expenses Regarding Plaintiffs' Pets**

In part, the Bennetts' Motion seeks an order that caring for their pets is part of their "normal standard of living," as that term is used in the insurance policy. (See Mot. at 8; Dkt. No. 11-1 at 24.) On this point, Homesite provides no opposition, factual or legal. Given the lack of factual dispute, this question of policy construction and application is appropriate for summary judgment. See Overton v. Consol. Ins. Co., 145 Wn.2d 417, 424 (2002) (noting that interpretations of insurance policies is a question of law). The Court GRANTS the Motion on this issue and finds that the Bennetts' "normal standard of living" includes caring for their pets.

**C.  Necessary Increase in Living Expenses Related to Plaintiffs' Pets**

The Bennetts' Motion also seeks an order finding that their insurance policy covers additional costs incurred in caring for their pets for the 11 months where they resided away from their property. The Court RESERVES RULING on this issue, given Homesite's request for a continuance under Rule 56(d).

Rule 56(d) allows the Court leeway to defer ruling on a summary judgment, allow for more time to obtain specific discovery, or deny the motion if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Rule 56(d) creates "a device for litigants to avoid summary judgment when

they have not had sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002).

The moving party under Rule 56(d) must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). In other words, the moving party must "make clear what information is sought and how it would preclude summary judgment." Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." Family Home, 525 F.3d at 827 (quotation and citation omitted).

Homesite has identified additional discovery it seeks about the necessity of the use of the trailer and its relation to the Bennetts' standard of living that is essential to its opposition to summary judgment. The Bennetts assert that their trailer was a necessary expense that permitted them to maintain their normal standard of living by allowing them to care for their animals with an onsite shelter and a bathroom. Homesite wants to investigate this assertion and believes that it will elicit testimony from the Bennetts that could touch on the necessity of the trailer, the availability of alternatives, and the costs. This is supported by counsel's declaration, which explains the outstanding discovery and the evidence it hopes to develop. This discovery appears essential to Homesite's ability to oppose summary judgment and contest the Bennetts' contention that the trailer was necessary to support their normal standard of living. As such, the Court GRANTS Homesite's request for a continuance of its opposition and the Court RESERVES RULING on this portion of the Bennetts' Motion.

The Court understands that the appraisal process is ongoing and that this impacts the timing of the planned depositions of the Bennetts. But the Court has concerns about the length of the appraisal process, which also implicates the Parties' recently-filed Stipulated Motion to Continue Trail Date and Related Dates (Dkt. No. 33). Accordingly, the Court will set a deadline for Homesite's renewed opposition to the Motion for Partial Summary Judgment after holding a status conference with the parties to discuss the requested extensions of the case schedule, the appraisal process, and other issues raised in the Stipulation Motion to Continue.

**CONCLUSION**

The Court GRANTS in part the Bennetts' Motion and finds that caring for their pets is part of their normal standard of living. But the Court RESERVES RULING on the portion of the Bennetts' Motion through which they seek a ruling that the cost of the trailer was a necessary expense incurred to meet their normal standard of care. The Court will set a deadline for additional discovery and Homesite's renewed opposition after discussing the issue with the Parties at the upcoming status conference.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 26, 2022.

Marsha J. Pechman
United States Senior District Judge