UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT BENNETT and MEG
BENNETT,

                    Plaintiffs,

          v.

HOMESITE INSURANCE
COMPANY,

                    Defendant.

CASE NO. C21-1422 MJP

ORDER GRANTING MOTION TO
COMPEL

This matter comes before the Court on Defendant's Motion to Compel Document
Production. (Dkt. No. 70.) Having reviewed the Motion, Plaintiffs' Opposition (Dkt. No. 83), the
Reply (Dkt. No. 85), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Defendant seeks an order compelling Plaintiffs to produce monthly bank statements from
January 1, 2021 to the present. (Mot. at 6 (Dkt. No. 70).) Defendants argue that this information
is relevant to test Plaintiffs' assertion that they needed additional living expense reimbursements

1    from Defendant to pay their landlord during this same period. (Id.) According to Defendant, the

2    landlord has testified that Plaintiffs did not pay rent for all of 2021 and part of 2022. (See id.)

3    Defendant wishes to review Plaintiffs' bank records to determine if payments were made to the

4    landlord or not. (Id.) Plaintiffs assert that this request is inappropriate because the burden of

5    producing them is disproportionate to the needs of the case. (Opp. at 1 (Dkt. No. 83).) Plaintiffs

6    contend that the information is redundant because they have already produced copies of the

7    checks they made payable to the landlord and answered interrogatories regarding the same.

8    (Declaration of Joel Hanson ¶ 6 (Dkt. No. 84); see Ex. C. to the Declaration of Eliot Harris (Dkt.

9    No. 71-3).) And Plaintiffs note that Defendant already deposed and obtained documents from the

10   landlord showing her records of payment. (Hanson Decl. ¶ 6.)

11          The Parties lock horns over whether Plaintiffs timely responded to the discovery requests

12   and therefore waived objections. The Court reviews the relevant facts. On July 5, 2022,

13   Defendant served interrogatories and requests for production that sought the bank records.

14   (Harris Decl. ¶ 5 & Ex. C.) Plaintiffs did not respond until August 29, 2022. (Dkt. No. 71-3 at 6.)

15   Plaintiffs maintain that they were not required to respond within 30 days, as is required by Fed.

16   R. Civ. P. 34(b), because their counsel had previously filed a notice of unavailability for a 25-day

17   period stretching from June 27 to July 21, 2022. (See Notice of Unavailability (Dkt. No. 22); Pls.

18   Opp. at 3.) Plaintiffs' counsel avers that Defendant's counsel agreed to "respect [his] Notice of

19   Unavailability." (Hanson Decl. ¶ 3.) Plaintiffs also argue that the electronic service of the

20   discovery was improper because the Parties' electronic service agreement was inapplicable

21   during counsel's "unavailability." (Pls. Opp. at 4-6; see Ex. A to the Supplemental Declaration of

22   Eliot Harris (Dkt. No. 86-1) (Agreement to Allow Electronic Service).) Plaintiffs assert that

23   service was not properly effectuated until July 22, 2022, when counsel returned.

24

**ANALYSIS**

**A.      The Bank Records Must Be Produced**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). In determining proportionality the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. And discovery is not limited to information that is necessarily admissible. See id. Additionally, a party's written answers to requests for production are due within 30 days of service. See Fed. R. Civ. P. 34(b). If a party fails to respond in writing to a request for production, the requesting party may move to compel disclosure pursuant to Fed. R. Civ. P. 37(a)(3)(B).

The Court finds that Defendant is entitled to obtain copies of Plaintiffs' bank records from January 1, 2021 to the present. The Court finds that the request is proportionate to the needs of the case and seeks relevant information concerning Plaintiffs' claims related to additional living expenses. While Defendant has obtained some discovery on this issue in the form of interrogatory responses from Plaintiffs and testimony and documents from the landlord, it is entitled to probe the issue further by examining the bank records. And the Court remains unconvinced that there are any security or privacy risks associated with production of these records that cannot be addressed through the Parties' Stipulated Protective Order. (See Dkt. No. 30.) Nor have Plaintiffs identified any specific time or logistical burden or expense that might make this request disproportionate to the needs of the case. On these grounds, the Court GRANTS the Motion to Compel.

1       Additionally, the Court agrees with Defendant that Plaintiffs waived any objection to the

2  discovery. Because Plaintiffs failed to respond to the discovery request in 30 days, as required by

3  Fed. R. Civ. P. 33(b), the Court construes this as a waiver of all objections. See Richmark Corp.

4  v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). In opposition, Plaintiffs

5  contend that they timely responded to the discovery because counsel had filed a "notice of

6  unavailability" from June 27 to July 21, 2022, and that "service was not effective until counsel

7  for Plaintiffs returned to the country and resumed work on July 22, 2022." (Opp. at 6.) There are

8  three problems with this position. First, as the Court explained to the Parties during the March

9  28, 2022 hearing, a notice of unavailability does not pause the case deadlines or absolve a party

10  from compliance with the Civil and Local Rules. (See Dkt. No. 35); see also Local Civil Rule

11  83.2(c) ("Such notices [of unavailability], if filed, do not alter dates set by the Court or civil

12  rules."). Second, the Parties' Agreement to Allow Electronic Service contains no carve-out for

13  discovery or for counsel's travel abroad. Even if it had, the Parties cannot suspend case deadlines

14  or compliance with the Civil Rules without the Court's express approval. Third, even if service

15  was not effectuated until July 22, Plaintiffs did not file a response within 30 days. Thus, the

16  response was untimely. Plaintiffs also suggest that they did not need to file any response because

17  their response was due after the close of discovery. But the response was due within 30 days of

18  July 5, which was before the discovery deadline. And, more importantly, a response to discovery

19  is always due to discovery requests served before the discovery deadline, as this was. On this

20  record, the Court finds it proper to construe Plaintiffs' failure to respond as a waiver of

21  objections, which is an additional, independent basis on which the Court GRANTS the Motion to

22  Compel.

23

24

ORDER GRANTING MOTION TO COMPEL - 4

The Court also finds good cause to accept the filing of the Motion to Compel after the deadline passed. <u>See</u> Fed. R. Civ. P. 16(b)(4); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment."). Defendant has not expressly asked for this relief, and that alone could be a basis for denying the Motion. But the Court has independently reviewed the record, which shows sufficient diligence to allow the late filing. The deadline for discovery motions was set on July 27, 2022. (Dkt. No. 36.) But because the discovery was served on July 5, 2022 and the response was due August 4, 2022, it would have been impossible for Defendant to have filed this Motion by the deadline. And while Defendant could potentially have served the discovery request earlier, the Court is satisfied that it moved diligently to seek the information once the deposition of the landlord concluded in late June. It is true that Defendant could have moved more quickly to file the Motion after Plaintiffs failed to respond. But Defendants timely raised the issue after Plaintiff failed to respond and then filed the Motion shortly after Plaintiffs served their response on August 29, 2022. On this record, Defendant pursued the Motion with sufficient diligence to alter the deadline and accept this late-filed discovery motion.

**B.    Fees**

If the Court grants the motion to compel, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the Court may not do so if: (1)the movant filed the motion "before attempting in good faith to obtain the disclosure or discovery without court action"; (2) the opposing party's "nondisclosure, response

or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust.

The Court finds that fees should be award to Defendant for the expense of bringing this motion. Defendant did meet and confer with Plaintiff before bringing the Motion. And Plaintiffs refusal to provide the documents is not substantially justified. Indeed, most of Plaintiffs' reasons not to provide the discovery stems from counsel's erroneous belief that his notice of unavailability absolved him and his clients from their duty to comply with Court-ordered deadlines and the Rules of Civil Procedure. On the merits, Plaintiffs do not identify a valid basis to withhold the information. Given that Plaintiffs' opposition to the discovery stems primarily from the conduct and decisions of counsel, the Court finds that only counsel shall be required to pay for Defendants' expenses. The Court therefore GRANTS Defendant's requests for fees in bringing this motion.

Defendant must file their request for fees within 7 days of entry of this Order. The briefing may not exceed 6 pages, and must include billing records that identify only those hours reasonably expended in pursuit of this Motion. Plaintiff may file an opposition of no more than 6 pages due 5 days later. No reply shall be filed. The Court will then determine the appropriate fee award.

## CONCLUSION

The Court finds good cause to accept the late-filed Motion to Compel, and agrees with Defendant that the information sought is relevant and discoverable. Plaintiffs have not identified any valid basis on which to refuse production of the bank records from January 1, 2021 to the present. Accordingly, the Court GRANTS the Motion and ORDERS Plaintiffs to produce these bank records or sign releases allowing Defendant to obtain the records from the bank within 7

1    days of entry of this Order. The Court also GRANTS Defendant's request for fees. The Court

2    will determine the proper award after receiving and reviewing the Parties' briefing on this issue.

3          The clerk is ordered to provide copies of this order to all counsel.

4          Dated October 11, 2022.

5

6                                        Marsha J. Pechman
                                         United States Senior District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO COMPEL - 7