UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BENNETT and MEG BENNETT, | CASE NO. C21-1422 MJP |
| Plaintiffs, | ORDER ON MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| HOMESITE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment Re: Bad Faith, Breach of Contract, and WAC Regulation (Dkt. No. 63) and Defendant's Motion for Summary Judgment (Dkt. No. 65). Having reviewed the Motions, the Oppositions (Dkt. Nos. 75, 80), Replies (Dkt. Nos. 87, 88), and all supporting materials, the Court GRANTS in part and DENIES in part Plaintiffs' Motion and DENIES Defendant's Motion.

**BACKGROUND**

Plaintiffs Meg and Robert Bennett live in Black Diamond, Washington, where they own a house insured by Defendant Homesite Insurance Company. A fire in the home on December 8, 2020 made the residence uninhabitable. Although Homesite has not denied coverage, it has disputed the amount of the loss. The Bennetts allege that Homesite has unreasonably and improperly handled the claim in breach of the terms of the insurance policy, the Washington Consumer Protection Act, and the Washington Insurance Fair Conduct Act. The Bennetts also assert that Homesite has acted in bad faith. Because the parties are familiar with the facts and the Court finds that summary judgment is largely improper, it does not recite the facts in any detail except in the analysis, below.

**ANALYSIS**

**A.      Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the

existence of a genuine issue of material fact, "the moving party is entitled to judgment as a

matter of law." Celotex, 477 U.S. at 323-24.

**B.      The Bennetts' Motion for Partial Summary Judgment**

The Bennetts move for partial summary judgment on their breach of contract claim and

they seek an order finding that Homesite violated an insurance regulation regarding claims

handling. The Court agrees that the Bennetts have shown a breach of the contract, but denies the

balance of the Motion.

**1.      Failure to timely pay appraisal award**

The Bennetts argue that Homesite breached the insurance contract and engaged in bad

faith by not paying an appraisal award within 30 days of the award. The Court agrees in part.

The Parties first dispute whether the policy required payment within 30 days of the

appraisal award. The operative provision of the policy states:

> **J. Loss Payment**
> We will adjust all losses with you. We will pay you unless some other person is named in
> the policy or is legally entitled to receive payment. Loss will be payable 30 days after we
> receive your proof of loss and:
> 1. Reach an agreement with you;
> 2. There is an entry of a final judgment; or
> 3. There is a filing of an appraisal award with us.

(Dkt. No. 11-1 at 36.)

The Court construes insurance policies as contracts. Weyerhaeuser Co. v. Commercial

Union Ins. Co., 142 Wn.2d 654, 665 (2000). "[I]f the policy language is clear and unambiguous,

we must enforce it as written; we may not modify it or create ambiguity where none exists."

Quadrant Corp. v. Am. States Ins. Co., 154 Wn.2d 165, 171 (2005). When policy "terms are not

defined, then they are to be given their plain, ordinary, and popular meaning." Polygon Nw. Co.

v. Am. Nat. Fire Ins. Co., 143 Wn. App. 753, 766–67 (2008). And if there is ambiguity the Court

1   may rely on extrinsic evidence, but "'[a]ny ambiguity remaining after examination of the

2   applicable extrinsic evidence is resolved against the insurer and in favor of the insured.'" Kut

3   Suen Lui v. Essex Ins. Co., 185 Wn.2d 703, 712 (2016), as amended on denial of reconsideration

4   (Aug. 15, 2016) (quoting Quadrant, 154 Wn.2d at 171-72).

5          The Court agrees with the Bennetts that the plain meaning of the operative provision

6   requires payment to be made within 30 days of the underlying prerequisites being met. The Court

7   reaches this decision by considering the ordinary and plain meaning of the term "payable.:

8   Merriam-Webster defines the term to mean "that may, can, or must be paid." See "Payable"

9   Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-

10  webster.com/dictionary/payable (last visited Oct. 19, 2022.) And Black's Law Dictionary defines

11  the term as "([a] sum of money or a negotiable instrument) that is to be paid." PAYABLE,

12  Black's Law Dictionary (11th ed. 2019). Black's further defines "payable" as "[a]n amount may

13  be payable without being due" and states further that "[d]ebts are commonly payable long before

14  they fall due." Id. While the term "payable" could merely denote that a debt is due but payable at

15  some unspecified time, the additional language in the policy—that the "[l]oss will be payable 30

16  days"—strongly suggests that the debt must be paid within 30 days of the prerequisites being

17  met. Homesite's contrary argument would render the 30-day timeline effectively meaningless. It

18  would mean that the loss will be payable only after 30 days expire and then Homesite would

19  have full discretion as to when to make payment. But this makes little sense in the context of the

20  policy, where the loss is due to make the insured whole and where time is of the essence. And to

21  the extent that there is ambiguity in the phrase, the Court must construe it against Homesite, the

22  drafter. Kut Suen, 185 Wn.2d 712. Accordingly, the Court construes the policy to require

23  payment within 30 days of the insured satisfying the prerequisites.

24

1    Applying this definition, the Court agrees with the Bennetts that Homesite breached the

2    policy by not making payment within 30 days of the appraisal award. The appraisal award was

3    issued on May 4, 2022, and payment was therefore due by June 3, 2022. But Homesite failed to

4    provide payment until July 7, 2022. And because the initial payment included an incorrect payee,

5    a corrected payment was not made until July 27, 2022. Even if the Court accepts the first

6    payment as being sufficient for purposes of the policy's time provisions, it was tardily sent more

7    than 30 days after the appraisal award. On this narrow issue the Court agrees that Homesite

8    breached the contract and GRANTS the Bennetts' motion as to this discrete issue. But the Court

9    notes that its Order does not resolve the question of damages or whether the Bennetts were

10   injured by the late payment. The Bennetts must therefore convince the jury that they have been

11   injured by this delay.

12   The Court disagrees with the Bennetts that there is uncontroverted evidence that

13   Homesite's delayed payment constitutes bad faith. "In order to establish bad faith, an insured is

14   required to show the breach was unreasonable, frivolous, or unfounded." Kirk v. Mt. Airy Ins.

15   Co., 134 Wn.2d 558, 560 (1998). There is a dispute of fact whether Homesite's delay in issuing

16   the check in a timely manner was unreasonable, frivolous, or unfounded. The jury will resolve

17   that dispute, including as to whether the Bennetts have been injured.

18   In reaching these conclusions, the Court rejects Homesite's argument that the Bennetts

19   cannot seek summary judgment on either claim because they were not included in the Amended

20   Complaint. "Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint

21   'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

22   rests.'" Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006) (quoting

23   Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). The Amended Complaint alleges that

24

1   Homesite breached the contract by refusing to pay for the cost of repairs and that this amounts to

2   bad faith. (See Am. Compl. ¶¶ 3.7, 3.14, 4.1, 5-1 (Dkt. No. 7-1).) Homesite's failure to send the

3   check within 30 days of the appraisal award is not part of the Amended Complaint. That appears

4   due to the fact that this occurred only recently. While the Bennetts could have sought leave to

5   amend their complaint again, the Court is satisfied that Homesite has been aware of the legal

6   basis for this claim and that it has been given adequate notice of the facts supporting the claim.

7   The Court therefore rejects this as a basis to deny the Motion.

8       **2.    Violation of WAC 284-30-330(7)**

9       The Bennetts seek a ruling that Homesite violated Washington Administrative Code

10  (WAC) 284-30-330(7) as a matter of law by offering "substantially less than the amounts

11  ultimately recovered" through the appraisal process.

12      The WAC establishes a number of "unfair claims settlement practices" which constitute

13  "unfair methods of competition and unfair or deceptive acts or practices of the insurer in the

14  business of insurance." WAC 284-30-330. At issue in the Bennetts' Motion is the following:

15  "Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to

16  recover amounts due under an insurance policy by offering substantially less than the amounts

17  ultimately recovered in such actions or proceedings." WAC 284-30-330(7). Though not explicit,

18  Washington courts have concluded that this provision also requires evidence that the insurer did not

19  act reasonably in making its offer. See Keller v. Allstate Ins. Co., 81 Wn. App. 624, 633-34 (1996)

20  (collecting cases). Additionally, there is no "strict number comparison approach [that] would make

21  an insurer strictly liable for damages any time its pretrial evaluation of a claim turned out to be

22  substantially less than the jury's verdict." Id. at 633. So a "[d]isparity between an offer and an

23  arbitration award alone does not establish a violation of WAC 284–30–330(7)." Perez-Crisantos v.

24  State Farm Fire & Cas. Co., 187 Wash. 2d 669, 684 (2017).

Whether Homesite's offers for the loss violates this WAC provision is the subject of a substantial factual dispute. Both sides dispute whether the various offers Homesite made were substantially less than what was due and whether Homesite acted unreasonably in making its offers. Because there are material facts in dispute on the record before the Court, summary judgment remains improper. The Court DENIES the Bennetts' Motion as to this issue.

## C. Homesite's Motion

Homesite seeks summary judgment on the Bennetts' IFCA, breach of contract, bad faith, and CPA claims and asks the Court to find that they are not entitled to attorneys' fees under Olympic S.S. Co. v. Centennial Ins. Co., 117 Wn.2d 37 (1991). The Court reviews these arguments, none of which convinces the Court to grant Homesite's Motion.

### 1. Insurance Fair Conduct Act

IFCA allows an insured who is "unreasonably denied a claim for coverage or payment of benefits by an insurer [to] bring an action in the superior court of this state to recover the actual damages sustained." RCW 48.30.015. An IFCA claim may be premised on a violation of the insurance regulations set out in WAC 284-30-330, as is asserted in this action. RCW 48.30.015(5). But a violation of the WAC alone will not support an IFCA claim. See Perez-Crisantos, 187 Wn.2d at 684. "The insured must show that the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits." Id. at 683 (citing Ainsworth v. Progressive Cas. Ins. Co., 180 Wn. App. 52, 322 P.3d 6, 20 (2014)). But an unreasonably low offer of payment can constitute a violation of IFCA even if the insurer eventually pays. See Morella v. Safeco Ins. Co. of Illinois, No. C12-672 RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013) ("[A]n insurer cannot escape IFCA simply by accepting a claim and paying or offering to pay an unreasonable amount.")

1    Homesite argues that it did not unreasonably deny benefits and that its initial offers were

2    not unreasonably low. But the Court cannot adopt this argument without improperly resolving

3    the Parties' disputes of material fact in Homesites favor as to what scope of repairs were

4    necessary and whether the offers from Homesite were reasonable or not. So while Homesite

5    ultimately made payment for the loss as determined by the appraisal, there remains a dispute of

6    material fact as to whether it nonetheless violated IFCA by unreasonably refusing to promptly

7    make payment for this or any other covered loss. This must be resolved at trial.

8    Homesite also argues that the Bennetts have not shown that they suffered any injury

9    traceable to any alleged IFCA violation. But the Bennetts point to various costs incurred from

10    what they allege to be Homesite's unreasonably low and delayed payment. These include the

11    costs of hiring a public adjuster, appraiser, and appraisal umpire, among others. And the Bennetts

12    claim to have suffered emotional damages. This is sufficient to defeat summary judgment. It will

13    be up to the Bennetts to convince the jury that they suffered compensable damages proximately

14    caused by Homesite's violations of IFCA.

15    The Court DENIES the Motion as to this claim.

16    **2.      Breach of Contract**

17    In its Motion, Homesite argues that it cannot have breached the contract because it

18    ultimately paid all amounts due to the Bennetts. Homesite points out that under Washington law,

19    "the insured is only entitled to recover damages up to the insurance policy limits." Tribble v.

20    Allstate Prop. & Cas. Ins. Co., 134 Wn. App. 163, 169 (2006). Homesite argues that it has paid

21    the additional living expense (ALE) limits, the appraisal award, and all agreed-upon amounts for

22    contents. (Mot. at 17.) The Bennetts disagree, arguing that Homesite breached the contract by

23    refusing or failing to timely pay "for mitigation, building code compliance, pet maintenance, the

24    appraisal award, the NVL hygienist, the full cost of repairs, and the personal property handling and

storage." (Opp. at 23.) Homesite appears to have abandoned its argument by failing to address it in reply. But even if the Court reviews the issue on its merits, it finds a dispute of fact exists as to whether Homesite has paid for all covered loss up to the insurance policy limits. The Bennetts are therefore entitled to present their claim to the jury to prove that any additional amounts are due under the policy. The Court DENIES the Motion as to this claim.

### 3.    Bad Faith

Homesite argues that it did not engage in bad faith because any delay in the investigation was outside of its control and that it acted reasonably. (Reply at 11.) Resolution of this claim requires the Court to assess whether Homesite's conduct was "unreasonable, frivolous, or unfounded." Kirk, 134 Wn.2d at 560. The Parties have submitted competing evidence as to whether Homesite acted reasonably or not and whether the Bennetts were injured as a result. The Court cannot resolve these disputes of material fact at summary judgment. The Parties must present these issues to the jury. The Court therefore DENIES the Motion as to this claim.

### 4.    Consumer Protection Act

To state a claim under the CPA, the plaintiff must plead: (1) an unfair or deceptive act, (2) which occurred in the conduct of trade or commerce, (3) affecting the public interest, (4) injured the plaintiff in their business or property, and (5) which the defendant caused. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 785-92 (1986) (citing RCW 19.86.020). A violation of the insurance regulations in 284-30-330 can constitute a per se unfair act that satisfies the first two elements. Id. at 786; Keller, 81 Wn. App. at 630. But the insurer could avoid liability if it had a reasonable justification for the denial or delay. See Keller, 81 Wn. App. at 634. Where there are no per se violations, the plaintiff can demonstrate that an act is "unfair", the Court considers whether it "causes or is likely to cause substantial injury to

1    consumers which is not reasonably avoidable by consumers themselves and not outweighed by

2    countervailing benefits." Klem v. Washington Mut. Bank, 176 Wn.2d 771, 787 (2013). And to

3    demonstrate a "deceptive act," the plaintiff must show that "there is a representation, omission or

4    practice that is likely to mislead a reasonable consumer." Panag v. Farmers Ins. Co. of

5    Washington, 166 Wn.2d 27, 50 (2009) (citation and quotation omitted).

6         Homesite seeks summary judgment of the CPA claim on the theory that it acted

7    reasonably and has not violated any of the WAC provisions on which the Bennetts rely. But as

8    the Bennetts point out, the Parties dispute material facts as to whether Homesite has violated the

9    applicable WACs and whether it acted reasonably or not. On the record before the Court,

10   summary judgment is improper on this claim. And the Court is unconvinced that the Bennetts

11   have failed to show a dispute of fact as to damages. The jury must resolve the merits of this

12   claim at trial. The Court DENIES the Motion as to this claim.

13        **5.    Olympic S.S. Fees**

14        Homesite seeks summary judgment as to the Bennetts' request for attorneys' fees under

15   Olympic S.S. Co. v. Centennial Ins. Co., 117 Wn.2d 37 (1991). It argues that because the

16   Bennetts only dispute the amount of the claim, Olympic S.S. is inapplicable. (Mot. at 22-23;

17   Reply at 12.) In Olympic S.S, the Court held that "[a]n insured who is compelled to assume the

18   burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees."

19   Olympic S.S., 117 Wn.2d at 54. "But Olympic Steamship attorney fees are not awarded merely

20   because an insurer challenges liability or damages." Colorado Structures, Inc. v. Ins. Co. of the

21   W., 161 Wn.2d 577, 597–98 (2007); see also McRory v. N. Ins. Co. of N.Y., 138 Wn.2d 550,

22   555 (1999) ("We have declined to award fees under this exception where the case did not

23   concern a coverage issue, but rather a dispute over the value of the claim after the insurer had

24

1    accepted coverage."). <u>Olympic S.S.</u> fees are appropriate when "the conduct of the insurer

2    imposes upon the insured the cost of compelling the insurer to honor its commitment. . . ."

3    <u>McRory</u>, 138 Wn.2d at 555.

4         Here the Bennetts claim to have had to file suit to compel Homesite to honor its

5    commitment under the insurance policy. While Homesite claims that it has never disputed

6    coverage, there does appear to be a dispute both about the scope of coverage and whether

7    Homesite has improperly refused to pay for certain damages, including for example, the cost of

8    mitigation. Based on the record before it, the Court is not convinced that summary judgment in

9    Homesite's favor on this issue is appropriate. The Court therefore DENIES the Motion as to this

10   issue. This does not, however, constitute a determination that the Bennetts are entitled to

11   attorneys' fees under <u>Olympic S.S.</u> That determination remains to be resolved.

12                                    **CONCLUSION**

13        The Parties' briefing has highlighted the fact-intensive nature of this dispute and the need

14   for a jury to resolve the competing factual narratives. While the Court agrees with the Bennetts

15   that Homesite breached the contract in failing to timely pay the appraisal award, the Court

16   otherwise finds that their motion for summary judgment cannot be granted. It therefore

17   GRANTS in part and DENIES in part Plaintiffs' Motion. And although Homesite raises

18   compelling arguments as to why it may ultimately not be liable, it has failed to convince the

19   Court that there are undisputed material facts that support its position. The Court therefore

20   DENIES Defendant's Motion in full.

21        \\

22        \\

23        \\

24

The clerk is ordered to provide copies of this order to all counsel.

Dated October 19, 2022.

Marsha J. Pechman
United States Senior District Judge