UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BENNETT and MEG BENNETT,<br><br>     Plaintiffs,<br><br> v.<br><br>HOMESITE INSURANCE COMPANY,<br><br>     Defendant. | CASE NO. C21-1422 MJP<br><br>ORDER ON MOTION TO COMPEL AND MOTION TO SEAL |

  This matter comes before the Court on Plaintiffs' Motion to Compel Homesite to Pay Settlement Funds (Dkt. No. 110) and the Parties' Stipulated Motion to Seal (Dkt. No. 115). Having reviewed the Motions, the Response (Dkt. No. 114), the Reply (Dkt. No. 116), and all supporting materials, the Court DENIES the Motion to Compel and GRANTS the Motion to Seal.

## ANALYSIS

**A.     Motion to Compel**

Through the Motion to Compel, Plaintiffs ask the Court to enforce the terms of the Parties' settlement agreement and to order Defendants to pay prejudgment interest. But the Court lacks jurisdiction and cannot grant the requested relief.

Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268 (9th Cir. 1996) Instead, courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994); see also K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014)

Here, the Court dismissed this action after learning that the Parties had negotiated a settlement with the assistance of a mediator. (See Order of Dismissal (Dkt. No. 109); Mot. at 2.) The dismissal order did not state the Court would retain jurisdiction to enforce the settlement agreement. (Dkt. No. 109.) Instead, it merely allowed either Party to ask the Court to reopen the case if the settlement was not perfected. (Id.) As a result, the Court is without jurisdiction to consider Plaintiffs' claims related to the settlement or their request for prejudgment interest. While the Court is troubled by the allegations about Defendant's conduct, it lacks jurisdiction to consider any remedy and must DENY the Motion without reaching its merits.

ORDER ON MOTION TO COMPEL AND MOTION TO SEAL - 2

**B.      Motion to Seal**

The Parties jointly ask the Court to seal an unredacted version of Plaintiffs' Motion to Compel and supporting declaration (Dkt. Nos. 110, 111). (Mot. to Seal (Dkt. No. 115).) Plaintiffs have filed publicly-viewable, redacted versions of both documents at Docket Entry 112.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. If not, then the good cause standard will apply. Here, because the materials sought to be sealed were filed in support of a non-dispositive motion that does not relate to the merits of the case, the Parties need only show good cause to keep the materials sealed. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006).

The Court here is satisfied that there is good cause to seal the documents. The redacted material concerns a confidential settlement, whose contents are not necessary to be known for the public to understand the basis and merit of Plaintiffs' Motion to Compel. The Court finds a reasonable likelihood that disclosure of the contents of the settlement agreement might also undermine the goal of the Parties' agreement. As such, the Court finds good cause and GRANTS the Motion to Seal and ORDERS that Docket Entries 110 and 111 remain SEALED.

## CONCLUSION

The Court finds that it lacks jurisdiction to consider the merits of Plaintiffs' Motion to Compel and therefore DENIES it. But the Court finds good cause to seal the materials which the Parties wish to remain outside of public view. The Court GRANTS the Motion and ORDERS that Docket Entries 110 and 111 remain SEALED.

1 | The clerk is ordered to provide copies of this order to all counsel.

2 | Dated January 18, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER ON MOTION TO COMPEL AND MOTION TO SEAL - 4